UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

KIM NAIMOLI,                                            :

                  Plaintiff,          :     Civ. No. 6:18-cv-06180-EAW

                                    :

v.                                                      :

OCWEN LOAN SERVICING, LLC,                              :

                  Defendant.        :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**AFFIDAVIT OF SHANNON CHILDS IN SUPPORT OF DEFENDANT
OCWEN LOAN SERVICING, LLC'S MOTION FOR SUMMARY JUDGMENT**

Personally appeared before the undersigned officer, duly authorized to administer oaths, Shannon Childs, who, after being duly sworn, deposes and says as follows:

1.      I am over 21 years of age and am otherwise competent to give this affidavit (the "Affidavit"), which I make based on my personal knowledge and business records of Defendant Ocwen Loan Servicing, LLC ("Ocwen," or the "Defendant").

2.      I am a Senior Loan Analyst with Ocwen Financial Corporation, an indirect parent company of the Defendant. I am authorized by Ocwen to provide this Declaration in support of the Motion.

## I.    PLAINTIFF'S MORTGAGE HISTORY

3.      On or about September 1, 2013 (the "Date of Servicing Transfer"), IndyMac Mortgage Services ("IndyMac"), a division of OneWest Bank, F.S.B., transferred the servicing of Plaintiff's 2008 Mortgage (as defined below) and Consolidated Note (as defined below) to Ocwen. On August 12, 2013, Ocwen sent a letter  to Plaintiff informing her that her loan had been transferred (the "Notice of Servicing Transfer"). A true and correct copy of the Notice of Servicing Transfer is attached hereto as **Exhibit 1** and incorporated herein by reference.

4.      Prior to the Date of Servicing Transfer, on or about July 23, 2002, Plaintiff executed a Mortgage in favor of Coral Mortgage Inc. (the "2002 Mortgage") that secured payment of a Note in the amount of $253,500.00 and encumbered property located at 827 South Main Street, Geneva, New York (the "Property"). A true and correct copy of said Note dated July 23, 2002 is attached hereto as **Exhibit 2** and incorporated herein by reference. A true and correct copy of the 2002 Mortgage is attached hereto as **Exhibit 3** and incorporated herein by reference.

5.      The 2002 Mortgage was recorded in the Office of the Ontario County Clerk on July 29, 2002 in Liber 1360 of Mortgages at page 460. A true and correct copy of an Ontario County Clerk Record Search evidencing the recording of the 2002 Mortgage is attached hereto as **Exhibit 4** and incorporated herein by reference.

6.      On or about the same day, the 2002 Mortgage was assigned to IndyMac by Coral Mortgage, Inc. A true and correct copy of the assignment of mortgage is attached hereto as **Exhibit 5** and incorporated herein by reference.

7.      The assignment was recorded in the Office of the Ontario County Clerk on July 29, 2002 in Liber 1360 of Mortgages at page 460. A true and correct copy of an Ontario County Clerk Record Search evidencing the recording of the assignment of mortgage is attached hereto as **Exhibit 6** and incorporated herein by reference.

8.      On or about June 25, 2008, Plaintiff executed a Mortgage in favor of IndyMac (the "Gap Mortgage") that secured payment of a Note in the amount of $2,875.49 and also encumbered the Property. A true and correct copy of said Note dated June 25, 2008 is attached hereto as **Exhibit 7** and incorporated herein by reference. A true and correct copy of the Gap Mortgage is attached hereto as **Exhibit 8** and incorporated herein by reference.

9.      On or about June 25, 2008, Plaintiff executed a Consolidation, Extension and Modification Agreement, which consolidated the 2002 Mortgage and the Gap Mortgage, as well as their corresponding notes (the "CEMA"). A true and correct copy of the CEMA is attached hereto as **Exhibit 9** and incorporated herein by reference.

10.     Finally, on or about June 25, 2008, Plaintiff executed a Mortgage in favor of IndyMac (the "2008 Mortgage") that secured payment of a Consolidated Note  in the amount of $227,100.00 (the "Consolidated Note"), which consolidated the notes secured by the 2002 Mortgage and the Gap Mortgage and encumbered the Property. A true and correct copy of the Consolidated Note dated June 25, 2008 is attached hereto as **Exhibit 10** and incorporated herein by reference. A true and correct copy of the 2008 Mortgage is attached hereto as **Exhibit 11** and incorporated herein by reference.

11.     The Gap Mortgage, the CEMA, and the 2008 Mortgage were not recorded in the Office of the Ontario County Clerk at the time of their execution.

## II.    PLAINTIFF'S FAILURE TO ASSIST OCWEN IN CORRECTING THE RECORDING ISSUES

12.     From May 2, 2010 to present, Plaintiff has remained delinquent with her payments under the 2008 Mortgage and the Consolidated Note. Ocwen sent monthly notices from the Date of Serving Transfer requesting Plaintiff bring her payments current under the 2008 Mortgage and the Consolidated Note. A true and correct copies of the delinquency notices sent to Plaintiff on January 3, 2017, and January 18, 2018 are attached hereto as **Exhibit 12** and incorporated herein by reference.

13.     During this time, Plaintiff requested a modification of the 2008 Mortgage and Consolidated Note under the Home Affordable Modification Program, or "HAMP." On or about August 11, 2015, Ocwen sent a letter  to Plaintiff stating that she was not eligible for the requested

loan modification because there was recording issues with the 2008 Mortgage that prevented her acceptance into the HAMP program (the "2015 Modification Denial Letter").  A true and correct copy of the 2015 Modification Denial Letter is attached hereto as **Exhibit 13** and incorporated herein by reference.

14.     On or about August 25, 2015, Plaintiff appealed the denial of her modification. On or about September 1, 2015, Ocwen sent a letter  to Plaintiff denying her appeal based on the aforementioned recording issues (the "2015 Modification Appeal Denial Letter"). A true and correct copy of the 2015 Modification Appeal Denial Letter is attached hereto as **Exhibit 14** and incorporated herein by reference.

15.     On or about December 3, 2015, to elicit Plaintiff's assistance with regard to the recording issues that had hampered Plaintiff's loan modification efforts, Ocwen sent an email with instructions and unexecuted copies of the Gap Mortgage and the Mortgage Loan documents (the CEMA, 2008 Mortgage, and Consolidated Note) to Plaintiff for her execution (the "Requested Instruments"). A true and correct copy of the email from Ocwen to Plaintiff dated December 3, 2015 is attached hereto as **Exhibit 15** and incorporated herein by reference.

16.     Despite Ocwen's efforts, Plaintiff never returned all of the Requested Instruments. On or about August 12, 2016, Ocwen received a package from Plaintiff containing the newly executed Gap Mortgage and CEMA, but not the 2008 Mortgage and Consolidated Note.  A true and correct copy of the Gap Mortgage executed by Plaintiff on July 10, 2016 is attached hereto as **Exhibit 16** and incorporated herein by reference. A true and correct copy of the CEMA executed by Plaintiff on July 10, 2016 is attached hereto as **Exhibit 17** and incorporated herein by reference.

## III.    THE 2016 TRIAL MODIFICATION PROGRAM OFFER

17.     On or about August 26, 2016, and in connection with Plaintiff's ongoing delinquency under the 2008 Mortgage and Consolidated Note, Ocwen sent a letter to Plaintiff

offering Plaintiff a three (3) month trial modification plan pursuant to which Plaintiff would make three (3) payments of $2,818.40 to become eligible for final review and discretionary approval of a modification of the 2008 Mortgage and Consolidated Note (the "TMP Letter"). A true and correct copy of the TMP Letter is attached hereto as **Exhibit 18** and incorporated herein by reference.

18.     Plaintiff made the payments called for under the trial modification plan on or about September 27, 2016, October 24, 2016, and October 27, 2016.

19.     On or about October 31, 2016, Ocwen sent a letter to Plaintiff (1) notifying her that Ocwen had identified ongoing recording issues in final review of her modification, (2) asking her to contact Ocwen, and (3) stating that it could not move forward without resolving the issue (the "Recording Issue Notification"). A true and correct copy of the Recording Issue Notification is attached hereto as **Exhibit 19** and incorporated herein by reference. Ocwen provided the Plaintiff forty-five (45) days to correct the issues for the modification.

20.     On or about November 10, 2016, Ocwen, through its counsel, sent an email to Plaintiff regarding the ongoing recording issues preventing the modification and attempting to assist her in resolving the issue ("Recording Issue Email #1"). In addition, on or about November 11, 2016, Ocwen, through its counsel, sent an email providing further explanation to Plaintiff that the CEMA, the 2008 Mortgage, and Consolidated Note were never recorded and that Ocwen required them to be recorded to resolve the issue ("Recording Issue Email #2"). A true and correct copy of the email chain containing Recording Issue Email #1 and Recording Issue Email #2 is attached hereto as **Exhibit 20** and incorporated herein by reference.

21.     Due to lack of response from the Plaintiff, on or about December 21, 2016, Ocwen sent a letter to Plaintiff stating that she was no longer eligible for the requested loan modification due to the aforementioned unresolved recording issues (the "2016 Modification Denial Letter").

A true and correct copy of the 2016 Modification Denial Letter is attached hereto as **Exhibit 21** and incorporated herein by reference.

22.     On or about January 3, 2017, Plaintiff, through her counsel, sent an email appealing the denial of the modification (the "2017 Modification Appeal"). A true and correct copy of the 2017 Modification Appeal is attached hereto as **Exhibit 22** and incorporated herein by reference.

23.     On January 26, 2017, Ocwen sent a letter to Plaintiff denying her appeal based on the aforementioned unresolved recording issues (the "2017 Modification Appeal Denial Letter"). A true and correct copy of the 2017 Modification Appeal Denial Letter is attached hereto as **Exhibit 23** and incorporated herein by reference.

## IV.   PLAINTIFF'S REQUESTS FOR INFORMATION AND OCWEN'S TIMELY RESPONSE

24.     At all times relevant to this matter, Ocwen had and continues to have policies (the "RESPA Policies") in effect to ensure its compliance with the lending and servicing requirements of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, *et seq*. ("RESPA"). In regard to information requests and error resolution governed by RESPA, the RESPA Policies provide, among other things, that Ocwen's policy is to respond to all Requests for Information and Notices of Error from borrowers within the timeframes required by 12 C.F.R. § 1024, *et seq*., which implements RESPA.

25.     On or about August 25, 2017, Ocwen received two (2) letters from Plaintiff, through her counsel: (1) a letter requesting information pursuant to 12 C.F.R. § 1024.36 and 15 U.S.C. § 1641(f)(2) ("RFI #1"); and (2) a letter requesting further information pursuant to 12 C.F.R. § 1024.36 ("RFI #2," and together with RFI #1, the "RFIs"). A true and correct copy of RFI #1 is attached hereto as **Exhibit 24** and incorporated herein by reference. A true and correct copy of RFI #2 is attached hereto as **Exhibit 25** and incorporated herein by reference.

6

26.     Following Ocwen's receipt of the RFIs, on or about August 30, 2017, Ocwen sent a letter  to Plaintiff acknowledging receipt of the RFIs (the "RFI Acknowledgement Letter"). A true and correct copy of the RFI Acknowledgement Letter is attached hereto as **Exhibit 26** and incorporated herein by reference.

27.     On or about September 26, 2017, Ocwen sent a letter to Plaintiff providing the information requested in RFI #1 as well as requests numbered 4 and 6 in RFI #2 (the "First Response"). A true and correct copy of the First Response is attached hereto as **Exhibit 27** and incorporated herein by reference.

28.     On or about September 27, 2017, Ocwen sent a letter to Plaintiff further responding to RFI #2 and providing copies of the requested documentation (the "Second Response"). A true and correct copy of the Second Response is attached hereto as **Exhibit 28** and incorporated herein by reference.

## V.     PLAINTIFF'S PURPORTED NOTICE OF ERROR AND OCWEN'S TIMELY RESPONSE

29.     On or about December 14, 2017, Ocwen received a letter from Plaintiff purporting to assert a notice of error pursuant to 12 C.F.R. § 1024.35(b)(11) (the "Purported Notice of Error"). A true and correct copy of the Purported Notice of Error is attached hereto as **Exhibit 29** and incorporated herein by reference. The Purported Notice of Error requested that the servicer correct an error relating to "Statebridge"—a completely unrelated lender—and with regard to a completely unrelated loan.

30.     On or about December 18, 2017, Ocwen sent a letter  to Plaintiff acknowledging receipt of the Purported Notice of Error (the "Purported Notice of Error Acknowledgement Letter"). A true and correct copy of the Purported Notice of Error Acknowledgement Letter is attached hereto as **Exhibit 30** and incorporated herein by reference.

31.     On or about January 16, 2018, Ocwen sent a letter (the "Purported Notice of Error Response") to Plaintiff responding to the Purported Notice of Error. A true and correct copy of the Purported Notice of Error Response is attached hereto as **Exhibit 31** and incorporated herein by reference.

**FURTHER AFFIANT SAYETH NAUGHT.**

_____
Shannon Childs, Senior Loan Analyst
Ocwen Financial Corporation

Sworn to and subscribed before me
this the 2 3 day of May, 2019.

_____
Notary Public

My Commission Expires: 08/03/2021

RICHARD W. ASHLEY, JR.
Notary Public – State of Florida
Commission # GG 131102
My Comm. Expires Aug 3, 2021

8